**US Bank v Mclean**

2025 NY Slip Op 32140(U)

June 11, 2025

Supreme Court, Kings County

Docket Number: Index No. 505172/2016

Judge: Carolyn Mazzu Genovesi

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-5, of the Supreme Court
of the State of New York, held in and for the County
of Kings, at the Courthouse, at 360 Adams Street,
Brooklyn, New York, on the  11  day of  July, 2025

PRESENT:

Hon. Carolyn Mazzu Genovesi,

———————————————————————x

US BANK,

                                    Plaintiff,

        -against-

TAUNYA MCLEAN et al,

                          Defendant,

———————————————————————x

Index No.: 505172/16

**DECISION AND ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Motion (MS 6) | 1 |
| Opp/Cross (MS 7) | 2 |
| Reply/Opp to Cross | 3 |
| Cross-Reply | 4 |

Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

Plaintiff's purported predecessor in interest commenced an earlier action to foreclose the subject mortgage, on August 28, 2008 (*LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-AR1*, Index No. 24718/2008). At trial on October 8, 2015, Justice Noach Dear dismissed the 2008 complaint on the grounds that one of plaintiff's counselor failed to appear at trial and presented no evidence to prove plaintiff's case. The instant action was commenced on April 5, 2016, and Defendants jointly answered through counsel. Later that year, Plaintiff filed a motion seeking summary judgment and an order of reference. Defendants opposed and cross-moved for dismissal and judgment on their quiet title counterclaim, arguing that res judicata from the prior

1

[* 1]

action and the statute of limitations both barred this action. Plaintiff responded that the trial decision in the prior action was not on the merits and the instant case timely under CPLR 205[a]. Defendants replied that the dismissal was on the merits and that, assuming arguendo that the Court reached the issue, CPLR 205[a] was not applicable as service upon Roger McLean was not timely completed. By order dated October 29, 2018, Defendants' cross-motion was granted upon a finding that the trial determination was on the merits. This case was dismissed and quiet title was granted.

Plaintiff appealed. On October 12, 2022, the Appellate Division reversed – finding that Defendants failed to demonstrate "that the prior action was terminated on the merits." More relevantly, in addressing the quiet title counterclaim the panel found that the instant action was timely commenced under CPLR 205[a].

Plaintiff now moves for summary judgment and an order of reference. Defendants oppose and cross-move for dismissal, alleging that the instant action is untimely. They also argue that Plaintiff's motion should be denied as it has not demonstrated its standing and compliance with RPAPL 1304. Further, Defendants seek to amend their answer to assert that Plaintiff failed to timely notify them of servicer changes as required by 12 USC 2605 and that Plaintiff's reformation claim is untimely. Plaintiff opposes.

Defendants contend that this action is time-barred, under CPLR 205-a. The Foreclosure Abuse Prevention Act of 2022 (FAPA) "amends CPLR 205 to provide that it no longer applies to mortgage foreclosure actions (CPLR 205[c]), and creates a new statute, CPLR 205–a." (*US Bank National Association v Fox*, 216 AD3d 445, 446 [1st Dept 2023]). In *Deutsche Bank National Trust Company v Zak*, 235 AD3d 839, 843 [2d Dep't 2025], the Appellate Division, Second Department held the FAPA's addition of CPLR 205-a is retroactive. Moreover, the Second

2

[* 2]

Department found that retroactive application of FAPA did not contravene the United States or New York State Constitution. (*Deutsche Bank Natl. Trust Co. v Dagrin*, 233 AD3d 1065 [2d Dep't 2024]; *97 Lyman Ave., LLC v MTGLQ Investors, L.P.*, 233 AD3d 1038 [2d Dep't 2024]).

CPLR 205-a allows a plaintiff to commence a new action within six months following the termination of an initial action, under certain specific circumstances. CPLR 205–a(1) includes a provision that CPLR 205[a] does not have, which provides "a successor in interest or an assignee of the original plaintiff shall not be permitted to commence the new action, unless pleading and proving that such assignee is acting on behalf of the original plaintiff." This action was commenced on April 5, 2016, within six months of the October 8, 2015 dismissal of the prior action. If the CPLR 205–a toll applies, this action is timely; if plaintiff cannot benefit from CPLR 205–a, this action is time-barred.

In its complaint, plaintiff pleads "[t]he mortgage was subsequently assigned to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee of Merrill Lynch Mortgage Investor Trust, Mortgage Loan Assets-Backed Certificates, Series 2006-AR1..." LaSalle Bank was the plaintiff in the original. In affidavit in support of plaintiff's motion, the Felecee Davis, the Document Executive Associate of plaintiff's loan servicer, attest to the assignment of the mortgage from LaSalle Bank, N.A. to Bank of America, N.A. as successor in merger and subsequently assigned from Bank of America, N.A. to plaintiff. NYSCEF No. 160. However, plaintiff provides no evidence to indicate that Bank of America, N.A. was LaSalle Bank, N.A.'s successor in interest. Accordingly, the Court finds plaintiff did not "prove" it is an "assignee [that] is acting on behalf of the original plaintiff" for the purpose of CPLR 205–a and

3

therefore cannot benefit from the toll provided by CPLR 205–a. Defendants' cross-motion therefore must be granted, dismissing the complaint.

The Court notes that the Appellate Division, Second Department previously held that this action was timely commenced, applying CPLR 205(a) (*U.S. Bank National Association v McLean*, 209 AD3d 792, 794 [2d Dept 2022]). However, that ruling was handed down on October 12, 2022, before FAPA was enacted on December 30, 2022. Since a retroactive change of law occurred during the litigation of this case, the Appellate Division's prior decision does not preclude dismissal of this action as time barred. (*Lipp v. Port Authority of New York and New Jersey*, 57 AD3d 953, 954 [2d Dept 2008].

Additionally, the Court finds that Plaintiff has not demonstrated strict compliance with RPAPL 1304. While its affiant states that the servicing records show that the 90-day notices were sent by regular and certified mail, no evidence of mailing has been proffered. In light of the Court's determination that this action must be dismissed, the Court will not address plaintiff's motion. For the forgoing reasons, it is

ORDERED that Plaintiff's motion, inter alia, for summary judgment and to appoint a referee is DENIED (MS # 6); and it is further

ORDERED that Defendants' cross-motion is GRANTED, and the complaint is DISMISSED (MS #7).

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Carolyn Mazzu Genovesi

4

4 of 4